840 F.2d 19
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Douglas WHEELING and Sylvia Wheeling, His Wife, Plaintiffs-Appellants,
v.
MICHIGAN NATIONAL BANK-OAKLAND, a National Banking
Association, Duane Beeman, Dennis Heide, and Mary
and John Doe, 1-25 Jointly and
Severally, Defendants-Appellees.
 No. 87-1819.
 United States Court of Appeals, Sixth Circuit.
 Feb. 19, 1988.
 
 Before WELLFORD and DAVID A. NELSON, Circuit Judges, and EDWARDS, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Plaintiffs Douglas and Sylvia Wheeling filed this civil rights action under 42 U.S.C. Sec. 1983 seeking monetary damages and other relief for constitutional violations allegedly committed in 1982 when the defendant, executing a writ of restitution, evicted the plaintiffs from their Michigan home. The district court granted summary judgment to the defendant on the ground of res judicata in the state court. This appeal followed. All parties have briefed the issues, with the plaintiffs proceeding pro se.
 
 
 3
 Upon a review of the record, we are unable to determine whether the Michigan court adjudicated the plaintiffs' case against the defendant, but we shall affirm the district court judgment in any event. If, as counsel apparently represented to the district court, the state court has dismissed the action against the defendant, we shall affirm the district court judgment on the ground of res judicata. See Migra v. Warren City School Dist. Bd. of Education, 465 U.S. 75, 84-5 (1984). If, however, the state court has not adjudicated the plaintiffs' case against the defendant, we find that this action ought not to be in federal court under the abstention doctrine. See Yates v. Jamison, 782 F.2d 1182, 1185 (4th Cir.1986) (dismissal required where state provides adequate and meaningful postdeprivation remedy for destruction of property).
 
 
 4
 The order is AFFIRMED.